UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                          Case no. 8:19-bk-04182-MGW
                                                                Chapter 7
ARMIN EBRAHIMPOUR

    Debtor
_____/

BENZ RESEARCH AND                          Adv. No. 8:19-_____
DEVELOPMENT CORPORATION,
a Florida Corporation,

    Plaintiff,
v.

ARMIN EBRAHIMPOUR,

    Defendant.
_____/

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Plaintiff, BENZ RESEARCH AND DEVELOPMENT CORPORATION, (hereinafter "BRD" or "CREDITOR"), sues Defendant, ARMIN EBRAHIMPOUR (hereinafter "EBRAHIMPOUR" or "DEBTOR"), and alleges:

1. This is a complaint to determine the dischargeability of a debt pursuant to Rule 7001(6); herein the term Rule means the Federal Rules of Bankruptcy Procedure.

2. This is a core proceeding as defined by 28 USC § 157(b)(2)(I).

3. On May 2, 2019 the DEBTOR commenced proceedings under Chapter 7 of the Bankruptcy Code.

4.  The last day to file a complaint to object to discharge or dischargeability of a debt of a kind specified in 11 USC § 523(a)(2), (4) or (6) is August 12, 2019.

5.  DEBTOR has listed BRD as a creditor in his Schedule E/F.

6.  BRD holds a claim against DEBTOR that is non-dischargeable within the meaning of 11 USC § 523(a)(2), (4), or (6) for obtaining money, property or services through actual fraud and/or fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny, and/or the intentional and malicious injury to its property.

7.  BRD is a corporation organized and existing under the laws of the State of Florida. BRD has its offices and principal place of business in Manatee County, Florida.

8.  DEBTOR is a Florida resident who resides in Manatee County, Florida and is a former employee of BRD.

9.  BRD is a research and manufacturing company that develops technology and products for the contact lens and intraocular lens industry, primarily in Manatee County, Florida.

10. BRD's processes and products are highly technical and have high quality characteristics which are extremely valuable to its customers.

11. In order to achieve these and other desirable qualities, BRD has developed proprietary and highly technical processes which took many years to develop at great expense.

12. All of BRD's confidential and proprietary research, developments, technologies, specifications, machinery, and processes, and other confidential and

proprietary information, which have substantial monetary and commercial value, constitute trade secrets within the meaning of section 688.002(4), Fla. Stat. (2009) ("BRD's Trade Secrets").

13. BRD has undertaken extensive measures to protect the confidentiality of its proprietary technology and processes, which are not generally known to, and cannot be readily ascertained by, BRD's competitors or the public at large. For example, BRD maintains a locked facility in Manatee County which cannot be accessed by the public at large but requires a key card for entry and has restricted access to many areas. Even mail delivery and delivery of supplies are restricted to particular areas. In the interior of the facility, key cards are required for entry to particular areas to which only employees working in that area have access. BRD maintains confidentiality and non-disclosure agreements with its employees, vendors, customers, and visitors to the BRD facility. Cameras and phones with cameras are not permitted in BRD's facility.

14. Many of BRD's proprietary technologies and processes are available in electronic form on BRD's computer system, which contains, among many other things, results of on-going research and development, emails, communications with suppliers and outside vendors, and other proprietary and BRD's Trade Secret information which has high commercial value, but which is not generally known to, and cannot be readily ascertained by, BRD's competitors or the public at large. Individual access to BRD's system is controlled through employee computer access codes

15. Commencing November 11, 2002, EBRAHIMPOUR was engaged by BRD as an engineer in its Engineering Department. At that time, EBRAHIMPOUR entered into

an Employment and Disclosure Agreement with Restrictive Noncompete Covenant with BRD which was executed on November 11, 2002 (the "Employment Agreement"). The Employment Agreement contains provisions designed to protect the confidentiality of BRD's Trade Secrets and provide that anything developed by EBRAHIMPOUR during his employment with BRD remain the property of BRD.  A copy of the Employment Agreement is attached hereto as Exhibit "1".

16. After becoming the head of BRD's Engineering Department, EBRAHIMPOUR worked full time and continuously at BRD until February 28, 2011, when he left BRD, having tendered his resignation on or about February 15, 2011.

17. As a result of his employment as the head of BRD's Engineering Department, EBRAHIMPOUR had unique access to BRD's Trade Secrets maintained in electronic form on company computers and otherwise available to EBRAHIMPOUR.

18. On or about March 7, 2011, EBRAHIMPOUR commenced employment with MARK'ENNOVY PERSONALIZED CARE S.L., a foreign company ("ENNOVY SPAIN").  EBRAHIMPOUR misappropriated BRD's Trade Secrets and intellectual property and brought the same to ENNOVY SPAIN to improve their manufacturing procedures.

19. On or about June 14, 2011, BRD filed suit against EBRAHIMPOUR and later joined ENNOVY SPAIN and a related company MARK'ENNOVY PERSONALIZED CARE LTD. ("ENNOVY UK"), alleging, among other things, misappropriation of BRD's Trade Secrets and civil theft.  The case is styled as: *BENZ RESEARCH AND DEVELOPMENT CORPORATION, A Florida corporation v. ARMIN*

*EBRAHIMPOUR; MARK'ENNOVY PERSONALIZED CARE S.L., a foreign company; and MARK'ENNOVY PERSONALIZED CARE LTD., a foreign Limited company,* Case Number 2011-CA-4732-NC (the "State Court Action").

20. On or about September 1, 2015, In the State Court Action, the Honorable Peter Dubensky entered the order entitled *Order on Plaintiff's Motion to Enforce Court Orders and for Contempt Sanctions; Order on Plaintiff's Motion to Strike Defendants' Pleadings and for Additional Sanctions* (the "Sanctions Order"), striking EBRAHIMPOUR's pleadings and entering default judgment on liability against EBRAHIMPOUR as a result of perjury and other egregious litigation misconduct ("Sanctions Order"). A copy of the Sanctions Order is attached hereto Exhibit "2". In the Sanctions Order Judge Dubensky found EBRAHIMPOUR's conduct to be "egregious" and "shocking".

21. The State Court Action proceeded to a thirteen (13) day jury trial in the Circuit Court of Sarasota County, resulting, on May 17, 2017, in a Verdict against EBRAHIMPOUR for willful and malicious misappropriation of BRD's Trade Secrets and civil theft, among other findings. A copy of the Jury Verdict is attached hereto as Exhibit "3"*.

22. On or about December 21, 2017, the Circuit Judge in the State Court Action entered an order entitled *Order Awarding Fees and Costs against Defendant Armin Ebrahimpour and in Favor of Plaintiff Benz Research and Development Corporation* (the

---

* The Court later found that the civil theft finding was preempted by the Uniform Trade Secrets Act.

5

"Order"), which awarded to BRD punitive damages against EBRAHIMPOUR in the amount of Seven Thousand Dollars ($7,000.00), after an evidentiary hearing thereon. A copy of the Order is attached hereto as Exhibit "4".

23. On December 3 and 4, 2018, an evidentiary hearing was conducted in the State Court Action to determine EBRAHIMPOUR's liability for attorney's fees. On December 18, 2018, the Court entered an order entitled *Order Awarding Fees and Costs against Defendant Armin Ebrahimpour and in Favor of Plaintiff Benz Research and Development* (the "Fee Order"), which awarded attorney's fees and expenses to BRD and against EBRAHIMPOUR in the amount of $6,057,924.80, and entered a *Final Judgment for Damages Against Defendant Armin Ebrahimpour and in Favor of Plaintiff Benz Research and Development Corporation* (the "Final Judgment"). A copy of the Fee Order is attached hereto as Exhibit "5" and a copy of the Final Judgment is attached hereto as Exhibit "6".

24. As made clear by the Fee Order, prior to his departure from BRD, EBRAHIMPOUR knowingly, intentionally, and wrongfully engaged in a pattern of conduct that would necessarily result in injury to BRD. The Court found that EBRAHIMPOUR's actions were willful and malicious, and further found that he had felonious intent when he misappropriated BRD's Trade Secrets and confidential manufacturing information.

25. As found by two different Judges, EBRAHIMPOUR's unfailing pattern of lying, engaging in litigation misconduct, and spoliation of evidence resulted in years and

millions of dollars of complex commercial litigation, spanning two continents. As a result of this opprobrious conduct, the Court in the State Court Action not only entered judgment against EBRAHIMPOUR in an amount exceeding Six Million Dollars ($6,000,000,00) for attorney's fees and costs, but it also entered a *Permanent Injunction in Favor of Plaintiff and against Defendant Armin Ebrahimpour* (the "Injunction"), permanently enjoining EBRAHIMPOUR from stealing and misappropriating BRD's Trade Secrets. A copy of the Injunction is attached hereto as Exhibit "7".

26. Based on the foregoing, the findings in the State Court Action are entitled to collateral estoppel effect in the Bankruptcy Court and demonstrate that EBRAHIMPOUR's willful, malicious, and fraudulent activities resulted in a debt that cannot, and should not, be discharged by this Chapter 7 Bankruptcy proceeding and that the State Court Action findings conclusively establish that EBRAHIMPOUR is not an honest but unfortunate debtor who is entitled to a discharge and a fresh start. Rather, the exhaustive findings as a result of almost eight (8) years of litigation have conclusively established dishonesty, fraud, perjury and willful, malicious and fraudulent activities, resulting in deliberate damage to BRD, which preclude discharge of EBRAHIMPOUR's debt to BRD.

27. The collateral estoppel effect of the State Court Action orders, judgments, and underlying evidentiary findings compels the bankruptcy court to deny dischargeability of BRD's creditor's claim. See *In re Shlomo Bentov*, 514 B.R. 907 (Bankr.S.D. Fla. 2014).

WHEREFORE, BRD requests the Court to determine that EBRAHIMPOUR's willful, malicious and fraudulent activities, including perjury, theft and spoliation of evidence, caused deliberate damage to BRD, resulting in a debt that is not dischargeable in this Chapter 7 Bankruptcy proceeding, enter judgment thereon, and that the Court grant such other or further relief as may be just or equitable under the circumstances.

DATED this 24th day of June 2019.

Attorneys for Plaintiff:

| | |
|---|---|
| Law Firm of James L. Essenson<br>2071 Main Street<br>Sarasota, FL 34237<br>Tel: (941) 954-0303<br>Fax: (941) 951-7739<br>Email: essenson@essensonlaw.com | Christopher D. Smith, P.A.<br>5391 Lakewood Ranch Blvd. N.<br>Ste. 203<br>Sarasota, FL 34240<br>Tel: (941) 202-2222<br>Fax: (941) 907-3040<br>Email: chris@chrissmith.com |
| By:___/s/James L. Essenson_____<br>    James L. Essenson, Esq.<br>    Fla. Bar No. 0359033 | By:___/s/Christopher Smith, Esq._<br>    Christopher Smith, Esq.<br>    Fla. Bar No. 605433 |

F:\client list\BENZ\Ebrahimpour, Armin\Bankruptcy.AE\Pleadings\Complaint.2019.6.24.docx